UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALDO GALAZ,<br><br>        Petitioner,<br><br>    v.<br><br>CHRISTIAN PFEIFFER,<br><br>        Respondent. | Case No. 1:23-cv-00468-CDB  (HC)<br><br>ORDER DISMISSING WITHOUT PREJUDICE PETITION WITH LEAVE TO FILE A FIRST AMENDED PETITION<br><br>30-DAY DEADLINE<br><br>(Doc. 1) |

Petitioner Donaldo Galaz ("Petitioner") is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The petition seeks review of an adverse Parole Board Hearing in 2021. *Id*.

**Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. *Pro se* habeas corpus petitions are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court must dismiss a petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief." Habeas Rule 4. Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error. *Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Habeas Corpus

Rule 2(c) is more demanding"). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

**Procedural and Factual Background**

According to the Petition, in 1996, Petitioner was convicted in the Superior Court of Los Angeles County by jury trial, for conspiracy to commit murder, attempted murder, and shooting an inhabited dwelling, with enhancements of felon in possession of a firearm and two prior felony convictions. (Doc. 1 at 5). Petitioner was sentenced to serve a term of 85 years to life in prison with the possibility of parole. *Id*. Petitioner claims he appealed his conviction to the California Court of Appeals and the California Supreme Court. *Id*. at 5-6.

At some point, Petitioner was placed in Kern Valley State Prison, which is located in the Eastern District of California. *Id*. at 1. On March 12, 2021, Petitioner was granted a parole suitability hearing. *Id*. at 2. Petitioner was denied parole on August 19, 2021. *Id*. Petitioner petitioned the Parole Board for a review of the merits, which was denied on September 9, 2021. *Id*. On January 19, 2023, Petitioner filed a state habeas petition to the Superior Court of Los Angeles County. *Id*. at 11.

On February 27, 2023, Petitioner filed a federal habeas petition to the Central District of California. *Id*. Petitioner asserts the Parole Board's denial of his parole in 2021, deprived him of due process and equal protection of the laws in violation of the 14th Amendment. *Id*. at 8-11. Petitioner argues the presiding commissioner was biased because of a past position he held. *Id*. at 8. Petitioner next claims he was not properly provided with documents that were to be presented and used at his suitability hearing "as required by statute." *Id*. at 9. Petitioner argues the Parole Board "failed to articulate how [Petitioner], in his advanced age, diminished cognitive and physical condition, poses an unreasonable risk and threat to public safety as required by statute." *Id*. Petitioner also asserts he was not properly afforded an opportunity to refute or contest any unfounded and unproven claims made against him "as required by statute." *Id*.

Petitioner requests the Court stay and hold in abeyance his federal habeas petition until he exhausts all state remedies. *Id*. at 2. Petitioner argues he is entitled to equitable tolling of his petition as he contracted COVID-19 in November 2021, the institution he was housed within experienced numerous quarantine lockdowns, and he is an "[American with Disabilities Act] inmate…" which has severely restricted him. *Id*. at 3.

On March 28, 2023, the Honorable Magistrate Judge Karen E. Scott deemed the better forum for this petition was the district where Petitioner is confined rather than the district where he was convicted and transferred this action to the Eastern District of California. (Doc. 5).

**Discussion and Analysis**

Petitioner Failed to Timely File the Petition Within the Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations for the filing of a federal habeas petition. Under § 2244(d)(1), the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner identifies September 9, 2021, as the day the Parole Board denied his petition for a review of the merits (Doc. 1 at 2). Thus, the Court finds that the statute of limitations began to run on September 10, 2021. Petitioner had one year from September 10, 2021, until September 11, 2022, to file a timely federal petition. The instant action is not timely unless Petitioner is entitled to statutory or equitable tolling.

AEDPA's statute of limitations is suspended for the time during which a "properly-filed" application for post-conviction relief is pending in state court, i.e., statutory tolling. *See* 28 U.S.C. § 2244(d)(2). According to the petition, Petitioner did not start the state court review process until he filed a petition in the Superior Court of Los Angeles County on January 19, 2023, after the statute of limitations ran on September 11, 2022. (Doc. 1 at 11). For this reason, Petitioner is not entitled to statutory tolling for the state habeas petition he filed on January 19, 2023. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (no statutory tolling if the AEDPA time period expired before starting the state court review process).

A prisoner who files a federal habeas petition after the expiration of the one-year statute of

limitations may be entitled to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). To get the benefit of equitable tolling, a prisoner must show that he was diligently pursuing his rights, but some extraordinary circumstance stood in his way and prevented timely filing. *Id*.; *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010). "A petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1-63, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted); *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 255 (2016).

Petitioner alleges the following circumstances entitle him to equitable tolling. Petitioner claims he tested positive for COVID-19 in November 2021 and was placed in isolation. (Doc. 1 at 3). Petitioner notes for a "short period of time" the institution he was housed in was placed on numerous quarantine lockdowns. *Id*. Petitioner also argues he is entitled to equitable tolling as he is an [American with Disabilities Act] inmate…" and his advanced age, declining physical abilities, and diminished cognitive abilities prevented him from filing a petition on time. *Id*.

Petitioner's conclusory assertions fail to demonstrate how he was prevented from filing a petition for over a year. Petitioner provides no specific facts that his isolation, health conditions, or the institution prevented him from filing any habeas petition from September 2021 until 2023. *See Davis v. Kibler*, No. 2:21-cv-07620-FMO-JDE, 2022 WL 2121907, at *6 (C.D. Cal. Feb. 24, 2022) ("a petitioner must allege specific facts showing how such COVID-19 related lockdowns 'actually prevented' the petitioner from timely filing a petition.") (citation omitted), *R&R adopted*, 2022 WL 3012833 (C.D. Cal. May 31, 2022). Accordingly, the Court finds Petitioner failed to carry his burden of demonstrating extraordinary circumstances for equitable tolling of his petition, and consequently, the petition must be dismissed for being untimely.

<u>Petitioner Failed to Exhaust Remedies</u>

Petitioner's habeas petition also fails to show he exhausted state judicial remedies. A petitioner can satisfy the exhaustion requirement by providing the highest state court with the

necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court or demonstrating that no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor,* 404 U.S. 270, 275 (1971)); *See e.g., Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011) (the Nevada Supreme Court did have an opportunity to address petitioner's venue claim, thus the claim had been exhausted).  The state courts must be presented with the specific federal constitutional guarantee at issue and a statement of the operative facts that support the federal legal theory. *Gentry v. Sinclair*, 705 F.3d 884, 897, 901 (9th Cir. 2013).  When none of a petitioner's claims have been presented to the highest state court as required, the Court must dismiss the petition. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001).

In this case, Petitioner has not brought forth his current claim before the Supreme Court of California.  Petitioner claims he has only requested collateral relief in the Superior Court of Los Angeles County.  (Doc. 1 at 11).  Therefore, Petitioner's petition must be dismissed as this Court cannot consider an entirely unexhausted petition.  *Rose*, 455 U.S. at 521-22.

Petitioner requests this Court stay and hold his petition in abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  *See* (Doc. 1 at 2).  Until recently, district courts routinely dismissed habeas petitions that were wholly unexhausted at the time of filing.  *Rasberry v.* 448 F.3d at 1154; *Jiminez*, 276 F.3d at 481.  However, the Ninth Circuit has clarified that unexhausted habeas petitions may, under limited circumstances, be stayed pending exhaustion.  *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016).  The requirements as set forth in *Rhines* include: (1) the petitioner had good cause for his failure to exhaust, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Mena*, 813 F.3d at 910 (quoting *Rhines*, 544 U.S. at 278).

As previously addressed, the Court finds Petitioner has failed to adequately demonstrate why he delayed in seeking state and/or federal relief regarding his September 2021 parole hearing.  Further, it is not clear from the face of the petition whether Petitioner's unexhausted claims are potentially meritorious.

"The habeas statute unambiguously provides that a federal court may issue a writ of

1    habeas corpus to a state prisoner 'only on the grounds that he is in custody in violation of the
2    Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010)
3    (per curiam) (quoting 28 U.S.C. § 2254(a)).  A claim falls within the "core of habeas corpus"
4    when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate
5    release from that confinement or shortening of its duration." *Preiser v. Rodriguez*, 411 U.S. 475,
6    489 (1973); *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).  In contrast, if a favorable judgment for
7    the petitioner would not "necessarily lead to his immediate or earlier release from confinement,"
8    he may assert his claim only under 42 U.S.C. § 1983.  *Nettles v. Grounds*, 830 F.3d 922, 935 (9th
9    Cir. 2016) (*en banc*) (quoting *Preiser*, 411 U.S. at 487, and *Skinner v. Switzer*, 562 U.S. 521, 535
10   n.13 (2011)).

11         Here, Petitioner seeks to challenge the Parole Board's decision to deny him parole.  *See*
12   *generally* (Doc. 1).  Petitioner claims the Parole Board deprived him of due process and equal
13   protection by being biased against him and failing to adhere to California law.  *Id*. at 8-11.  In
14   *Swarthout v. Cooke*, the Supreme Court held that federal habeas jurisdiction does not extend to
15   state parole decisions as long as minimum procedural protections are provided.  562 U.S. 216,
16   220-21 (2011).  A federal court's inquiry is limited to whether the prisoner was given the
17   opportunity to be heard and received a statement of the reasons why parole was denied.  *Id*. at
18   221; *Miller v. Oregon Bd. Of Parole and Post-Prison Supervision*, 642 F.3d 711, 716 (9th Cir.
19   2011).

20         Petitioner notes he was granted a parole hearing in 2021.  (Doc. 1 at 2).  It appears
21   Petitioner attended the parole hearing as he was able to identify the presiding commissioner.  *Id*.
22   at 8.  Moreover, it appears Petitioner was provided a statement of reasons why his parole was
23   denied.  *See Id*. at 9 (Petitioner argues the Parole Board's findings are arbitrary and capricious as
24   they failed to articulate how he poses an unreasonable risk and threat to public safety).  Thus,
25   Petitioner received all the process he was due.

26         Petitioner's substantive challenges to the parole board's decision that it did not follow
27   California law are not cognizable in habeas.  *Roberts v. Hartley*, 640 F.3d 1042, 1046 (9th Cir.
28   2011).  Even if the Parole Board had followed the statutes Petitioner claims it had ignored,

Petitioner would not necessarily have received a favorable parole outcome. Under California law, the parole board must consider all relevant reliable information in determining suitability for parole, and "has the authority to deny parole on the basis of any grounds presently available to it." *Nettles*, 830 F.3d at 935 (citing *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003)). Because success on Petitioner's claims would not necessarily lead to his immediate or earlier release from confinement, his claims do not fall within the core of habeas corpus and are not cognizable in federal habeas corpus. Therefore, Petitioner's request for a stay under *Rhines* shall be denied. *Sosa v. Warden of Corcoran State Prison*, No. 1:21-cv-01094-HBK, 2022 WL 17156629, at *3 (E.D. Cal. Nov. 22, 2022) (collecting cases).

The claims raised in the petition may be cognizable if raised in a civil rights action. Further, Petitioner's claims would be timely under the applicable statute of limitations for 42 U.S.C.S. § 1983 actions. When a habeas petition "is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." *Nettles*, 830 F.3d at 936 (quoting *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)).

Habeas actions and § 1983 prisoner civil right cases "differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Id*. at 935-36 (citations omitted); *United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000) (courts should not recharacterize a prisoner's *pro se* filing as a federal habeas petition when doing so may be to the prisoner's disadvantage). For instance, the filing fee for a habeas petition is $5, and if leave to proceed *in forma pauperis* is granted, as it has been here, the fee is forgiven. For civil rights cases, however, the fee is $400, and under the Prison Litigation Reform Act the prisoner is required to pay $350, even if granted in forma pauperis status, by way of deductions from the income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might

otherwise forgo a civil rights complaint for which the fee would be deducted from income to his or her account. Also, a civil rights complaint that is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. Based on these differences between habeas and civil rights cases, the Court will not convert Petitioner's habeas petition to a civil rights action.

Though the undersigned expresses no view regarding the merits of any such claim, Petitioner may file a claim pursuant to 42 U.S.C. § 1983 based on the allegations contained in the petition.

**Conclusion and Order**

For the reasons discussed, Petitioner's habeas petition is untimely, unexhausted, and fails to state a cognizable habeas claim. Further, Petitioner has failed to persuade this Court that his petition should be stayed and held in abeyance. However, Petitioner will be granted an opportunity to file a first amended habeas petition addressing the aforementioned deficiencies and/or a 42 U.S.C. § 1983 civil rights action complaint. *See* Fed. R, Civ. P. 15(a) (leave to amend shall be freely given when justice so requires). Accordingly, it is HEREBY ORDERED:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED WITHOUT PREJUDICE for failure to show the petition is within the applicable statute of limitations, failure to show exhaustion, and failure to state a cognizable habeas claim;
2. Petitioner is GRANTED 30 days from the date of service of this order to file a first amended petition as directed by this order; and

///

///

3. The Clerk of Court is DIRECTED to send Petitioner one blank copy of the form complaint for 42 U.S.C. § 1983 civil rights action.

Petitioner is forewarned that failure to comply with this order may result in an order of dismissal or a recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:  **April 7, 2023**

UNITED STATES MAGISTRATE JUDGE