1
2
3
4
5
6
7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   DONALDO GALAZ,                    Case No. 1:23-cv-00468-CDB  (HC)

12               Petitioner,           FINDINGS AND RECOMMENDATION
                                       THAT THE PETITION FOR WRIT OF
13        v.                           HABEAS CORPUS BE DISMISSED WITH
                                       PREJUDICE AND WITHOUT LEAVE TO
14   CHRISTIAN PFEIFFER,               AMEND

15               Respondent.           21-DAY DEADLINE

16                                     (Doc. 10)

17                                     Clerk of Court to Assign District Judge

18
          Petitioner Donaldo Galaz ("Petitioner") is a state prisoner proceeding *pro se* with a first
19
     amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 10).  The petition
20
     seeks review of an adverse Board of Parole Hearings ("BPH") decision in 2021.  *Id.*
21
     Accordingly, for the foregoing reasons this court will recommend this action be dismissed.
22
     **Preliminary Screening**
23
          Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary
24
     review of each petition for writ of habeas corpus.  *Pro se* habeas corpus petitions are to be
25
     liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, the Court must
26
     dismiss a petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to
27
     relief."  Habeas Rule 4.  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief
28

1   available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief

2   requested.  Notice pleading is not sufficient; rather, the petition must state facts that point to a real

3   possibility of a constitutional error.  *Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Habeas Corpus

4   Rule 2(c) is more demanding").  Allegations in a petition that are vague, conclusory, or palpably

5   incredible are subject to summary dismissal.  *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir.

6   1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it

7   appears that no tenable claim for relief can be pleaded were such leave to be granted.  *Jarvis v.*

8   *Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

9   **Procedural and Factual Background**

10      According to the Petition, in 1996, Petitioner was convicted in the Superior Court of Los

11  Angeles County by jury trial, for conspiracy to commit murder, attempted murder, and shooting

12  an inhabited dwelling, with enhancements for felon in possession of a firearm and two prior

13  felony convictions.  (Doc. 10 at 3).  Petitioner was sentenced to serve a term of 85 years to life in

14  prison with the possibility of parole.  *Id.*

15      At some point, Petitioner was placed in Kern Valley State Prison, which is located in the

16  Eastern District of California.  *Id*. at 2.  On March 12, 2021, Petitioner was granted a parole

17  suitability hearing.  *Id*. at 2, 4, 49-141.  The BPH denied Petitioner parole and "deferred

18  [Petitioner's next] parole hearing for five years."  *Id*. at 4.  On August 19, 2021, Petitioner

19  petitioned the BPH for a review on the merits, which was denied on September 9, 2021.  *Id*. at 16.

20      On March 10, 2022, Petitioner filed a petition to the Superior Court of California County

21  of Los Angeles challenging the BPH's parole decision.  *Id*. at 191.  On March 24, 2022, the

22  Superior Court denied Petitioner's petition.  *Id*.  The Superior Court noted despite Petitioner

23  submitting only a partial transcript of the parole hearing and findings, that at least from the

24  information contained therein, the board's denial of parole was well supported and not arbitrary

25  or capricious.  *Id*. at 191-92.

26      It appears Petitioner filed a petition to the California Court of Appeals on April 13, 2022.

27  *Id*. at 1, 14.  Subsequently, the California Court of Appeals denied Petitioner's petition.  *Id*. at 25.

28  At some point, Petitioner filed a petition to the Supreme Court of California.  *Id*. at 25.  The

1    Supreme Court of California denied his petition on September 14, 2022. *Id*. at 25, 194.

2        On February 27, 2023, Petitioner filed a habeas corpus petition to the Central District of

3    California.  (Doc. 1).  On March 28, 2023, the Honorable Magistrate Judge Karen E. Scott

4    deemed the better forum for this petition was the district where Petitioner is confined rather than

5    the district where he was convicted and transferred this action to the Eastern District of

6    California.  (Doc. 5).  On April 7, 2023, this Court conducted a preliminary review of the petition.

7    (Doc. 8).  The Court determined the petition was untimely, unexhausted and failed to state a

8    cognizable habeas claim.  *Id*.  The petition was dismissed without prejudice and Petitioner was

9    provided 30 days to file an amended petition and/or a 42 U.S.C. § 1983 complaint. *Id*. at 8-9.

10        On May 5, 2023, Petitioner filed a first amended petition.  (Doc. 10).  The petition asserts

11    the same claims Petitioner advanced in his initial petition.  *See generally* (Doc. 1); (Doc. 8 at 3);

12    (Doc. 10 at 19-23, 27, 30-45).  Specifically, Petitioner argues the BPH deprived him of due

13    process and equal protection of the laws by denying him an impartial hearing, a fair and adequate

14    parole suitability hearing, and that BPH failed to adhere to the statutes that govern it.  (Doc. 10 at

15    19-23, 27, 30-45).

16    **Discussion and Analysis**

17        Petitioner's first amended petition still fails to state a cognizable federal habeas corpus

18    claim. "The habeas statute unambiguously provides that a federal court may issue a writ of habeas

19    corpus to a state prisoner 'only on the grounds that he is in custody in violation of the

20    Constitution or laws or treaties of the United States.'"  *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010)

21    (per curiam) (quoting 28 U.S.C. § 2254(a)).  A claim falls within the "core of habeas corpus"

22    when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate

23    release from that confinement or shortening of its duration."  *Preiser v. Rodriguez*, 411 U.S. 475,

24    489 (1973); *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).  In contrast, if a favorable judgment for

25    the petitioner would not "necessarily lead to his immediate or earlier release from confinement,"

26    he may assert his claim only under 42 U.S.C. § 1983.  *Nettles v. Grounds*, 830 F.3d 922, 935 (9th

27    Cir. 2016) (*en banc*) (quoting *Preise*r, 411 U.S. at 487, and *Skinner v. Switzer*, 562 U.S. 521, 535

28    n.13 (2011)).

1    Here, Petitioner seeks to challenge the BPH's decision to deny him parole.  *See generally*

2  (Doc. 10).  Petitioner claims the BPH deprived him of due process and equal protection in

3  violation of the United States and California Constitutions and California law.  *Id*. at 19-23, 27,

4  30-45.  In *Swarthout v. Cooke*, the Supreme Court held that federal habeas jurisdiction does not

5  extend to state parole decisions as long as minimum procedural protections are provided.  562

6  U.S. 216, 220-21 (2011).  A federal court's inquiry is limited to whether the prisoner was given

7  the opportunity to be heard and received a statement of the reasons why parole was denied.  *Id*. at

8  221; *Miller v. Oregon Bd. Of Parole and Post-Prison Supervision*, 642 F.3d 711, 716 (9th Cir.

9  2011).

10    Here, Petitioner was afforded the opportunity to attend a parole hearing and was provided

11  a statement of reasons why his was parole was denied.  (Doc. 10 at 49-141).  Further, Petitioner's

12  substantive challenges to the parole board's decision are not cognizable in habeas.  *Roberts v.*

13  *Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011).  Even had the BPH followed the laws Petitioner

14  claims it ignored, Petitioner would not necessarily have received a favorable parole outcome.

15  Under California law, the parole board must consider all relevant reliable information in

16  determining suitability for parole, and "has the authority to deny parole on the basis of any

17  grounds presently available to it." *Nettles*, 830 F.3d at 935 (citing *Ramirez v. Galaza*, 334 F.3d

18  850, 859 (9th Cir. 2003)).  Because success on Petitioner's claims would not necessarily lead to

19  his immediate or earlier release from confinement, his claims do not fall within the core of habeas

20  corpus and are not cognizable in federal habeas corpus.

21    As previously discussed, Petitioner's claims may be cognizable if raised in a civil rights

22  action.  (Doc. 8).  Though the undersigned expresses no view regarding the merits of any such

23  claim, Petitioner may file a claim pursuant to 42 U.S.C. § 1983 based on the allegations contained

24  in the petition.  The Court previously provided Petitioner with a blank copy of the form for his

25  use in any such filing.  (*See id.* and Doc. 8-2).

26  **Conclusion and Order**

27    Petitioner's first amended petition raises the same claims this Court rejected in his first

28  petition and fails to state a cognizable habeas claim.  Accordingly, it is HEREBY ORDERED:

1.   The Clerk of Court is DIRECTED to randomly assign a district judge to this action for the purposes of reviewing these findings and recommendations;

And IT IS HEREBY RECOMMENDED

1.   The petition shall be DISMISSED without leave to amend for failure to state a habeas claim.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days of being served with these findings and recommendations, Petitioner may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 22, 2023**

_____
UNITED STATES MAGISTRATE JUDGE

5