UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALDO GALAZ,<br><br>    Petitioner,<br><br>v.<br><br>CHRISTIAN PFEIFFER,<br><br>    Respondent. | Case No. 1:23-cv-00468-KES-CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS THAT THE PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND<br><br>(Doc. 12) |

Petitioner Donaldo Galaz ("Petitioner") is a state prisoner proceeding pro se on a petition for habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks review of an adverse Board of Parole Hearing decision in 2021. Doc. 10.

On April 7, 2023, the assigned magistrate judge completed a screening of the Petitioner's initial petition. Doc. 8. The magistrate judge found the petition failed to show it was within the applicable statute of limitations, failed to show exhaustion, and failed to state a cognizable habeas claim. *Id*. The magistrate judge granted Petitioner an opportunity to file a first amended petition to correct the identified deficiencies. *Id*. at 8.

On May 5, 2023, Petitioner filed a first amended petition. Doc. 10. On May 23, 2023, the assigned magistrate judge completed a screening of the first amended petition and issued findings and recommendations that it be dismissed with prejudice for failure to state a cognizable habeas

claim. Doc. 12. The magistrate judge found that the first amended petition failed to state a cognizable habeas claim, including because Petitioner's claims asserted procedural due process violations and the record showed that Petitioner was afforded the opportunity to attend his parole hearing and was provided a statement of reasons for the denial of parole. *Id.*

On June 8, 2023, Petitioner filed objections to the findings and recommendations. (Doc. 13). Petitioner acknowledges that he "was afforded an opportunity to attend his Elderly Parole Suitability Hearing" but claims he was not afforded a fair opportunity to be heard pursuant to *Miller v. Oregon Bd. Of Parole and Post-Prison Supervision*, 642 F.3d 711 (9th Cir. 2011). *Id*. at 3–4. Specifically, Petitioner claims "the statement of reasons why parole was denied, was arbitrary and capricious and does not comport with the statutory authorities that govern the BPH." *Id*.

In the context of parole eligibility decisions, the due process right is procedural, and entitles a prisoner to a fair hearing and a statement of reasons for a parole board's decision. *Miller*, 642 F.3d at 716; *Swarthout v. Cooke*, 562 U.S. 216, 220-21 (2011). Here, Petitioner was provided those rights. With his first amended petition, Petitioner submitted a transcript of his parole hearing. The transcript confirms Petitioner attended and testified at the hearing, and that the parole board set out its reasons for denying him parole. Doc. 10 at 47–129, 142–74. Petitioner's argument is essentially that the parole board improperly weighed the evidence in finding him unsuitable for parole. Petitioner's claims are the very type that the Supreme Court has made clear are not cognizable on federal habeas review. *See Swarthout*, 562 U.S at 220-21 (rejecting contention that federal Due Process Clause contains guarantee of evidentiary sufficiency with respect to parole determinations). Because the first amended petition establishes that Petitioner received a Constitutionally sufficient hearing, Petitioner's claim fails to establish a cognizable due process violation. Therefore, summary dismissal of Petitioner's claims challenging the parole board's decision is warranted.

Accordingly, the Court HEREBY ORDERS:

1. The May 23, 2023, findings and recommendations (Doc. 12) are adopted in full;

2. Petitioner's petition for writ of habeas corpus is dismissed with prejudice and without leave to amend for failure to state a cognizable claim; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __April 18, 2024__

_____
UNITED STATES DISTRICT JUDGE